IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-00034-02-CR-W-SOW |
| | ) | |
| KIAIRA C. MINOR, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

On February 15, 2011, the Grand Jury returned a two count indictment against defendants Richard Davis and Kiaira Minor. Count One alleges that Richard David aided and abetted by Kiaira Minor by threat of force took money belonging to and in the possession of First Federal Bank, the accounts of which were insured by the Federal Deposit Insurance Corporation, and in committing the offense, defendant Davis assaulted and put in jeopardy the life of the Bank's Operations Manager and Teller Supervisor. Count Two of the Indictment alleges that Richard Davis, aided and abetted by Kiaira Minor, during a crime of violence, bank robbery, brandished a firearm.

On April 13, 2011, counsel for defendant Minor filed a motion pursuant to 18 U.S.C. § 4241 asking for a determination of defendant's mental competency. (Doc. # 27) As the defendant was on bond, the Court ordered that the defendant be examined by Dr. Tammy Sheehan. Dr. Sheehan's report dated May 3, 2011, concluded that "the defendant suffers from a mental disease or defect within the meaning of 18 U.S.C. § 4241 that renders her incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense."(Doc. # 29, Report of Psychological Examination at 8) In response, Government counsel asked that a second psychiatric examination be conducted. (Doc. # 31) The

Court granted the Government's motion and directed Government counsel to arrange an examination with a psychiatrist/psychologist of their choosing. (Doc. # 33) Pursuant to this order, the defendant was examined on June 6, 2011, by Dr. John Wisner, Associate Professor of Psychiatry and Behavorial Sciences at the University of Kansas School of Medicine. (See doc. # 35, Psychiatric Evaluation)

A hearing was held on August 4, 2011, on the defendant's motion to determine mental competency. Defendant appeared with counsel Lisa Nouri. The government was represented by Paul Becker. The parties stipulated to the reports prepared by Dr. Tammy Sheehan dated May 3, 2011 (doc. # 29) and Dr John Wisner dated July 27, 2011 (doc. # 35). Dr. Sheehan concluded that the defendant suffers from a mental disease or defect in the form of Mild Mental Retardation and that her prognosis for restoration of competency is guarded. (Doc. # 29 at 8) Dr. Wisner, like Dr Sheehan, concluded that defendant Minor was not competent. Dr. Wisner specifically found:

> In my professional opinion, with reasonable medical certainty, based on the materials reviewed, the examination of Kiaira Minor, and my training and experience in the field of Psychiatry, Kiaira Minor does suffer from a mental defect (mental retardation) **is** presently suffering from a mental disease or defect rendering her mentally incompetent to understand the nature and consequences of the proceedings against her or to assist properly in her defense.
>
> Her low verbal intelligence leads her to be distinctly unable to reason accurately to new conclusions, critically evaluate information presented to her, and accurately interpret the advice of counsel. In addition, it is my professional opinion that she lacks the capacity for independent thinking: she readily endorses errors and is heavily influenced by the authority or forcefulness of others.

(Doc. # 35 at 4) Based upon the reports of Doctors Sheehan and Wisner, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Kiaira Minor is incompetent in that she is presently suffering from a mental disease or defect rendering her unable to unable to understand the

nature and consequences of the proceedings against her or to properly assist in her defense. It is further

RECOMMENDED that the Court commit defendant Minor to the custody of the Attorney General pursuant to 18 U.S.C. §4241(d)(1). The Attorney General shall hospitalize the defendant for treatment in a suitable facility[1] for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future defendant Minor will attain the capacity to permit the trial to proceed.

Counsel are reminded they have fourteen days from the date of receipt of a copy of this Report and Recommendation within which to file and serve objections to same. A failure to file and serve objections by this date shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on the grounds of plain error or manifest injustice.

                                                                      */s/ Sarah W. Hays*
                                                               SARAH W. HAYS
                                 UNITED STATES MAGISTRATE JUDGE

---

[1] The undersigned recommends that the defendant be allowed to remain on bond until such time as the United States Marshal is ready to transport the defendant to a facility designated by the Bureau of Prisons pursuant to 18 U.S.C. §4241(d)(1).