IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 11-00034-02-CR-W-HFS |
| | ) | |
| KIAIRA D. MINOR, | ) | |
| | ) | |
| Defendant. | ) | |

REPORT AND RECOMMENDATION

Pending before the Court is the issue of whether defendant Kiara Minor's competency has been restored so that she is now capable of understanding the legal proceedings and assisting counsel in her defense. For the reasons set forth below, it is recommended that the Court find that defendant Minor has recovered to such extent that she is able to understand the nature and consequences of the proceedings against her and to assist properly in her defense.

I.  BACKGROUND

On February 15, 2011, the Grand Jury returned a two count indictment against defendants Richard Davis and Kiaira Minor. Count One alleges that Richard David, aided and abetted by Kiaira Minor, by threat of force took money belonging to and in the possession of First Federal Bank, the accounts of which were insured by the Federal Deposit Insurance Corporation, and in committing the offense, defendant Davis assaulted and put in jeopardy the life of the Bank's Operations Manager and Teller Supervisor. Count Two of the Indictment alleges that Richard Davis, aided and abetted by Kiaira Minor, during a crime of violence, bank robbery, brandished a firearm.

1

On April 13, 2011, counsel for defendant Minor filed a motion pursuant to 18 U.S.C. § 4241 asking for a determination of defendant's mental competency. (Doc. # 27) As the defendant was on bond, the Court ordered that the defendant be examined by Dr. Tammy Sheehan. Dr. Sheehan's report dated May 3, 2011, concluded that "the defendant suffers from a mental disease or defect within the meaning of 18 U.S.C. § 4241 that renders her incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her or to assist properly in her defense."(Doc. # 29, Report of Psychological Examination at 8)

In response, Government counsel asked that a second psychiatric examination be conducted. (Doc. # 31) The Court granted the Government's motion and directed Government counsel to arrange an examination with a psychiatrist/psychologist of their choosing. (Doc. # 33) Pursuant to this order, the defendant was examined on June 6, 2011, by Dr. John Wisner, Associate Professor of Psychiatry and Behavioral Sciences at the University of Kansas School of Medicine. (See doc. # 35, Psychiatric Evaluation)

A hearing was held on August 4, 2011, on the defendant's motion to determine mental competency. Defendant appeared with counsel Lisa Nouri. The government was represented by Paul Becker. The parties stipulated to the reports prepared by Dr. Tammy Sheehan dated May 3, 2011 (doc. # 29) and Dr John Wisner dated July 27, 2011 (doc. # 35). Dr. Sheehan concluded that the defendant suffers from a mental disease or defect in the form of Mild Mental Retardation and that her prognosis for restoration of competency is guarded. (Doc. # 29 at 8) Dr. Wisner, like Dr Sheehan, concluded that defendant Minor was not competent.

Following that hearing, the undersigned issued a Report and Recommendation recommending that the District Judge find the defendant not competent to proceed to trial. (Doc.

# 39)  This Report and Recommendation was adopted on September 1, 2011, and the defendant was transported to the Federal Medical Center Carswell for the purpose of determining if her competency could be restored. (See doc. # # 46 and 47)

On February 9, 2012, a hearing was held on the issue of whether defendant had been restored to competency.  The parties stipulated that the Court could consider the Forensic Evaluation dated January 24, 2012, prepared by Christine Anthony, PhD., a Forensic Psychologist at Federal Medical Center Carswell. (Doc. # 54)

## II.    DISCUSSION

After there has been an adjudication of incompetence and the defendant has been committed to the Attorney General for a determination as to whether there is a substantial probability that in the foreseeable future the defendant will attain the capacity to permit the proceedings to go forward, as in this case, pursuant to 18 U.S.C. § 4241(e), the burden of persuasion shifts to the Government.  See United States v. Cabrera, 2008 WL 2374234, *6 (S.D. Fla. June 6, 2008).  As set forth in Cabrera, "the court must find by a preponderance of the evidence that the defendant has recovered to such an extent that he is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense."

In this case, the evaluator noted that those individuals with a diagnosis of Mild Mental Retardation, like Ms. Minor, are educable.  As part of the restoration to competency process, Ms. Minor attended weekly classes:

> These competency restoration classes consist of instructions regarding factual information such as the various roles of the individuals in the Court processes and rational information that can be applied to each individual case.  In addition, attendees are provided the opportunity to role-play various courtroom scenarios to aid in assisting their defense, improving courtroom behavior, and practicing their role as a defendant.  During her classes, Ms. Minor was motivated to learn and actively engaged in class discussion.  The group facilitators noted she participated frequently and answered several questions during each session.  She was

3

Case 4:11-cr-00034-HFS   Document 56   Filed 02/10/12   Page 3 of 5

> administered a few quizzes and tests designed to assess participants' progress in the class. Ms. Minor answered a few questions incorrectly, but when the group facilitator reviewed the test items with her, Ms. Minor was able to learn from her mistakes and increase her understanding. In addition, Ms. Minor brought a notebook to class in which she took additional notes. She reported several times during individual sessions that she learned a lot from these classes.

(Doc. # 54 at 6-7) Ms Minor was determined to be capable of learning new concepts with practice and study. (Id. at 10) Additionally Dr. Anthony noted that:

> During the current evaluation, she was able to discuss and describe several legal terms and concepts with education. Her understanding was displayed as she described these new concepts in her own words and referred to them later in conversations. Her score on the CAST-MR, which is specifically used to assess the competency-related abilities of those with Mental Retardation, suggests she has the necessary abilities and knowledge to be competent to stand trial. In addition, Ms. Minor displayed the ability to form and express opinions about her case. For instance, she reported she would rather go to trial than take a plea bargain which required her to be incarcerated. Based on her progress during her evaluation period, Ms. Minor is likely to understand developments in her case if provided with very basic explanations and concrete terms. She will likely require patience, encouragement, and repetition to ensure understanding….

(Id.) Thus, Dr. Anthony concluded that Ms. Minor is currently competent to proceed as she does not meet the criteria for a mental disease or defect that would render her unable to understand the proceedings against her or assist in her own defense. (Id. at 11)

### III.  CONCLUSION

Based upon the information before the Court, it is

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order finding that defendant Kiara Minor is not currently suffering from a mental disease or defect which would prevent her from understanding the nature and consequences of the proceedings against her or assisting in her defense and that she is competent to stand trial.

4

Counsel are reminded they have fourteen days from the date of this Report and Recommendation within which to file and serve objections. A failure to file and serve timely objections shall bar an attack on appeal of the factual findings in this Report and Recommendation which are accepted or adopted by the district judge, except on grounds of plain error or manifest injustice.

                                                        */s/ Sarah W. Hays*
                                                    SARAH W. HAYS
                                      UNITED STATES MAGISTRATE JUDGE